**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 1:26-cv-20549-LMR

JOSEPH ALEXANDER,

    Plaintiff,
v.

DAWN HILL-KEARSE, *et al.*,

    Defendants.
_____/

## ORDER PROVIDING INSTRUCTIONS TO *PRO SE* LITIGANT

**THIS MATTER** is before the Court upon a *sua sponte* review of the record. *Pro se* litigants, like all litigants, must comply with the rules of civil procedure and the Court's orders. It is therefore

**ORDERED** that *pro se* Plaintiff, Joseph Alexander, shall comply with all Federal Rules of Civil Procedure and Local Rules for the Southern District of Florida. The Local Rules may be obtained from the Clerk of the Court. Failure to comply with the federal and local rules may result in sanctions being imposed against *pro se* litigants. Some of the requirements of these rules are as follows:

1. Every pleading, motion, memorandum or other paper required and/or permitted to be filed with the Court must be filed directly with the Clerk of the Court. No letters, pleadings, motions or other documents may be sent directly to the District Judge or Magistrate Judge's chambers. Any papers improperly delivered directly to chambers will be returned and disregarded by the Court.

2. All papers filed must include the case style, case number, and appropriate title in the format required by the Local Rules. *See Sample Form Following Local Rule 5.1.* The signature

block of each pleading must also contain the *pro se* litigant's name, address and telephone number.

3. All papers filed with the Clerk of Court must also be served on the opposing counsel, or the opposing side if the opposing side is not represented by counsel. Each filing must include a certificate of service indicating the name and address of the attorney served.

4. Litigants must comply with the Court's conferral requirement as stated in Local Rule 7.1(a)(2) before filing any motion in a civil case (other than those listed as exceptions). The conferral attempt must be made in good faith and give the opposing party reasonable time to respond. **Any motion filed without a conferral certification made pursuant to Local Rule 7.1(a)(3) may be cause for the Court to grant or deny the motion and impose an appropriate sanction**.

5. All electronic correspondence with the Court must include opposing counsel.

6. Litigants must <u>promptly</u> notify the Court of any change in address by filing a "Notice of Change of Address," which also must be served on opposing counsel. **Further, *pro se* litigants are required to supply the Court with their email address(es) and telephone number(s) to facilitate communication and the timely receipt of Court orders.**

7. A *pro se* litigant who wishes to oppose a motion must respond in writing within the time periods provided by the rules of procedure.

8. Any litigant and his or her family, friends, or acquaintances may not call the Judge's chambers for legal advice about the case. Brief case status information contained on the docket sheet may be available from the Clerk of Court.

9. A *pro se* litigant bears responsibility for actively pursuing his or her case and must obtain any essential discovery, file all necessary pleadings and motions, comply with all scheduling orders, and prepare the case for trial.

10.  Although a *pro se* litigant is not entitled to the appointment of counsel in a civil case, a *pro se* litigant may request to participate in the Volunteer Attorney Program of the U.S. District Court for the Southern District of Florida by filing a motion for referral to Volunteer Attorney Program.  The Court in its discretion may grant the motion and direct the case to be placed on an online list of available cases for consideration by volunteer attorneys.

**DONE AND ORDERED** in Miami, Florida, this 29th day of January 2026.

_____
LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc:   Plaintiff, *pro se*